UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

LEANORA E. NELSON,

                                     Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER VLAD
KOGAN, SERGEANT GORDON, and POLICE OFFICER
JOHN DOE 1,

                               Defendants.

-------------------------------------------------------------------- x

**07 CIV 6485**

**ECF CASE**

**COMPLAINT**

Jury Trial Demanded



## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution. This case arises from a March 27, 2006 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4.      Plaintiff is a resident of the State of New York.

5.      The CITY of NEW YORK is a municipal corporation organized under the laws of the State of New York.

6.      Police Officer VLAD KOGAN (hereinafter "KOGAN") is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest on March 27, 2006.  KOGAN is sued in his individual capacity.

7.      Sergeant GORDON (hereinafter "GORDON") is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest on March 27, 2006.  GORDON is sued in his individual capacity.

8.      JOHN DOE 1 is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest on March 27, 2006.

## STATEMENT OF FACTS

9.      On March 27, 2006 at approximately 7:30pm, plaintiff drove her vehicle in the area of Fulton Street and Brooklyn Avenue, Brooklyn, New York.

10.     On the aforesaid date and time plaintiff stopped her vehicle with the expectation that a parking space was about to become available.

11.     On March 27, 2006, shortly after plaintiff stopped her vehicle, defendants KOGAN and JOHN DOE 1 approached plaintiff's vehicle and defendant KOGAN informed plaintiff the he intended to issue plaintiff a ticket for double parking.

2

12.     After a brief conversation between plaintiff and defendant KOGAN, a NYPD van arrived on the scene stopping in front of plaintiff's vehicle and blocking it's path.

13.     Thereafter, defendant GORDON and a second unidentified officer exited the van and approached plaintiff's vehicle.

14.     Defendant KOGAN immediately stated to defendant GORDON that "she is refusing to take a ticket for double parking," referring to plaintiff.

15.     At no time prior to GORDON'S arrival on the scene did defendant KOGAN, or any other NYPD officer, present or attempt to present plaintiff with a ticket for double parking, or any ticket whatsoever.

16.     In response to KOGAN'S statement that plaintiff refused to take a ticket for double parking, GORDON immediately directed KOGAN to handcuff plaintiff.

17.     KOGAN ordered plaintiff out of her vehicle, handcuffed plaintiff, placed plaintiff in a police van, and took plaintiff to the 79th Precinct for arrest processing.

18.     At the 79th Precinct, plaintiff was searched and thereafter placed in a holding cell with several other arrestees.

19.     Plaintiff's repeated requests to make a telephone call were denied, which caused plaintiff much anxiety and fear.

20.     After approximately two and a half hours, KOGAN issued summonses to plaintiff charging her with disorderly conduct, disobeying an officer, and a violation of the Vehicle Traffic Law.

21.     On June 2, 2006, plaintiff was arraigned on the aforementioned charges at 346 Broadway, New York, NY.

22.     On June 28, 2006, plaintiff appeared in the Summons Part at 120 Schermerhorn, Brooklyn, New York.

23.     On June 28, 2006, the false disorderly conduct and disobeying an officer charges filed against plaintiff were adjourned in contemplation of dismissal. The violation of the Vehicle Traffic Law charge was dismissed.

24.     On all the aforesaid dates, plaintiff was a real estate broker and owner of a real estate business.

25.     Plaintiff sustained a loss of income as a result of the false arrest and false charges brought against her.

26.     Plaintiff also experienced emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, damage to plaintiff's personal reputation, damage to plaintiff's business reputation, and monetary damages as a result of the defendants' actions.

## FEDERAL CLAIMS AGAINST
## KOGAN, GORDON AND JOHN DOE 1

27.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28.     The conduct of Police Officer Vlad Kogan, Sergeant Gordon, and Police Officer John Doe 1, as described herein, amounted to false arrest and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution.

## FEDERAL CLAIMS AGAINST
## THE CITY OF NEW YORK

29.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30.    The City of New York directly caused the constitutional violations suffered by plaintiff.

31.    Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and to monitor the officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

32.    The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

     d.      Such other and further relief as this Court may deem just and proper,

including injunctive and declaratory relief.

DATED:      July 17, 2007
             Brooklyn, New York

                    IZABEL OLSZOWA GARCIA (IG 2844)
                    Attorney for Plaintiff
                    26 Court Street, Suite 1815
                    Brooklyn, New York 11242
                    (718) 855-483