UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LEANORA E. NELSON,

                                      Plaintiff,     **ANSWER TO COMPLAINT**

               -against-

CITY OF NEW YORK; POLICE OFFICER VLAD     **07 CIV 6485 (JGK)**
KOGAN, SERGEANT GORDON, and POLICE OFFICER
JOHN DOE 1,     **Jury Trial Demanded**

                                     Defendants.

------------------------------------------------------------------------ x

Defendant Gordon[1], by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully allege, upon information and belief, as follows:

      1.      Denies the allegations set forth in paragraph "1" of the complaint.

      2.      Denies the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      3.      Denies the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

      4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

      5.      Denies the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation.

---

[1] The City of New York and Police Officer Vlad Kogan previously answered the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admit that Vlad Kogan is a member of the NYPD who was involved in the arrest of plaintiff.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admit that Sergeant Gordon was a member of the NYPD who was involved in the arrest of plaintiff.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that, on March 27, 2006, plaintiff was in the area of Fulton Street and Brooklyn, Avenue, Brooklyn, New York.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admit that defendant Kogan informed plaintiff that he intended to issue plaintiff a ticket.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admit that an additional NYPD vehicle arrived on the scene.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admit that defendant Gordon was present at the scene.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admit that defendant Kogan handcuffed plaintiff.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was taken to the 79th precinct for arrest processing.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was issued summonses.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "26" inclusive of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

33. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

34. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

36. Plaintiff has failed to comply with New York General Municipal Law §50-e.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

37. Plaintiff provoked any incident.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

38. Punitive damages cannot be recovered against the City of New York.

- 5 -

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

39. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A EIGHTN AFFIRMATIVE DEFENSE:

40. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

41. The individual defendant, Sergeant Gordon, has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

42. Plaintiff's complaint fails to state a claim upon which relief can be granted.

- 6 -

**WHEREFORE,** defendant Gordon, requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          November 18, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                City of New York
                Attorney for Defendant Gordon
                100 Church Street, Room 3-180
                New York, New York 10007
                (212) 788-1029

By:    /s/
                JENNIFER L. RUBIN (JR 7938)
                Assistant Corporation Counsel

To:    Izabel Olszowa Garcia, Esq. (By ECF)
      26 Court Street, Suite 1815
      Brooklyn, New York 11242